UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ECF CASE

_____x

MANSOOR NAJEE-ULLAH,                                   05 Civ. 6202 (GBD, J.)(THK, M.J.)

       Plaintiffs,                                              **COMPLAINT**

       v.

NEW YORK CITY DEPARTMENT
OF EDUCATION,

       Defendant.
_____x

Plaintiff Mansoor Najee-ullah states his complaint against defendant New York City Department of Education, as set forth hereinafter:

**PARTIES, JURISDICTION AND VENUE**

1) Plaintiff Mansoor Najee-ullah resides in Manhattan.

2) Defendant New York City Department of Education (hereinafter, the "Bd. of Ed.") does business within the Southern District of New York.

3) The Court has subject matter jurisdiction over this action, pursuant to 29 U.S.C. Section 2615(a)(1) *et seq.*; 29 U.S.C. Section 201 *et seq.*; 29 U.S.C. Section 216(b); 28 U.S.C. Sections 1331 and 1343(4); and 42 U.S.C. Section 1981, as amended. The Court has jurisdiction over plaintiff's pendent state and local law claims, pursuant to 28 U.S.C. Section 1367.

4) Venue is proper because one or more events giving rise to this lawsuit occurred in this jurisdiction.

## FIRST CAUSE OF ACTION:
## FAIR LABOR STANDARDS ACT

5) Mr. Najee-ullah herein reasserts and incorporates by reference the allegations set forth in paragraphs 1 to 4.

6) At all times relevant to this action, the Bd. of Ed. employed plaintiff as its Regional Arts Supervisor for Region 10.  He was a salaried employee.  The Bd. of Ed. would remit salary to Mr. Najee-ullah on a biweekly basis through an electronic paycheck that was direct deposited into his personal bank account.

7) In early January 2005, the Bd. of Ed. rescinded a written letter that purported to fire claimant Mansoor Najee-ullah effective January 20, 2005.  Each workday in January and thereafter, Mr. Najee-ullah reported to work, remained at work approximately eight hours, and completed a time sheet.  The Bd. of Ed. paid his regular biweekly salary for work until April 17, 2005.

8) Mr. Najee-ullah reported to work each workday during the two biweekly periods April 18-30, 2005 and May 1-13, 2005.   In May, he was scheduled to receive a direct deposit of each of the two biweekly periods.  However, he received no direct deposit or other remittance. Mr. Najee-ullah telephoned management concerning the omission.  An employee informed him that two electronic paychecks had been scheduled for direct deposit into his bank account, but that, in each instance, the Bd. of Ed. gave a "stop payment" instruction to intercept the transaction.  Thereafter, Mr. Najee-ullah wrote to the Bd. of Ed. to demand his salary for the two biweekly periods.  To date, he has received no response to his demands for salary.

9) The Bd. of Ed. is liable to plaintiff for failure to pay his salary, benefits and minimum wages, pursuant to The Fair Labor Standards Act of 1938 ("FLSA"), Section 7, 29 U.S. C. § 206 and 207.

## SECOND CAUSE OF ACTION:
## NEW YORK LABOR LAWS

10) Mr. Najee-ullah herein reasserts and incorporates by reference the allegations set forth in paragraphs 1 to 9.

11) For the reasons set forth in support of the FLSA claim, the Bd. of Ed. is liable to plaintiff for failure to pay his salary, benefits and minimum wages, pursuant to the New York State Labor Laws.

## THIRD CAUSE OF ACTION:
## TITLE VII RETALIATION

12) Mr. Najee-ullah herein reasserts and incorporates by reference the allegations set forth in paragraphs 1 to 11.

13) On or about March 4, 2005, Mr. Najee-ullah engaged in several protected activities under Title VII of the Civil Rights Act of 1964 ("Title VII").  First, he filed a notice of claim. Then, he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (# 160-2005-01384).  And last, he wrote a letter to the Chancellor's office.  Based on information and belief, in March, the Bd. of Ed. received notification of the notice of claim, the letter complaint, and the EEOC charge.

14) In early April 2005, the EEOC a notice of right to sue to plaintiff.  Plaintiff received the notice of right to sue on or about April 8, 2005.

15) In May 2005, the Bd. of Ed. took four employment actions against Mr. Najee-ullah.  One, the Bd. of Ed. demanded that he return his identification card.  Two, it instructed him not to return to work as of May 16, 2005.  Three, it intercepted and prevented direct deposit of plaintiff's electronic paycheck for work performed during the biweekly period April 18-30,

2005. And four, it intercepted and prevented direct deposit of plaintiff's electronic paycheck for work performed during the biweekly period May 1-13, 2005.

16) The Bd. of Ed. took the four employment actions against Mr. Najee-ullah, because he had engaged in Title VII protected activities in March 2005. The Bd. of Ed.'s official explanations, if any, are a mere pretext for retaliation.

17) The Bd. of Ed. is liable to plaintiff for retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

## FOURTH CAUSE OF ACTION:
## SECTION 1981 RETALIATION AND BREACH OF CONTRACT

18) Mr. Najee-ullah herein reasserts and incorporates by reference the allegations set forth in paragraphs1 to 17.

19) Among his written complaints, including but not limited to his EEOC charge, plaintiff informed the Bd of Ed. of his belief that it "routinely afford[s] White . . . supervisory staff persons the benefit of policies and procedures guaranteeing progressive discipline and due process. The Respondent[] routinely circumvent the same policies and procedures when a supervisory staff person is a racial or religious minority group member. This disparate treatment is glaring when one compares Respondent['s] treatment of supervisory staff persons who are Caucasian . . . as compared with supervisory staff persons who are African American . . .." In essence, Mr. Najee-ullah complained that Bd. of Ed. hindered his right to enter into and enforce his employment contract on parity with to the rights and privileges enjoyed by Caucasian coworkers.

20) In response to his articulated Section 1981 complaint, The Bd. of Ed. retaliated against Mr. Najeeullah by taking the aforementioned employment actions enumerated in Paragraph 15, *supra*. By it retaliatory

acts and omissions, the Bd. of Ed. violated its own written policies and procedures, and denied Mr. Najeeullah the benefit of his bargain.

21) The Bd. of Ed. is liable to plaintiff for retaliation and breach of contract in violation of 42 U.S.C. Section 1981, as amended, and for breach of contract under state law.

### FIFTH CAUSE OF ACTION:
### RETALIATION BASED ON LOCAL HUMAN RIGHTS LAWS

22) Mr. Najee-ullah herein reasserts and incorporates by reference the allegations set forth in paragraphs1 to 21.

23) For the reasons set forth in support of the Title VII and Section 1981 claims, the Bd. of Ed. is liable to plaintiff for retaliation in violation of N.Y.C. Admin. Laws §8-107 *et seq.*.

### PRAYER FOR RELIEF

24) WHEREFORE, Plaintiffs demand a TRIAL BY JURY;

25) AND WHEREFORE, Plaintiffs seek relief against defendant Bd. of Ed. in the following form and to the following extent:

a) actual damages in an amount to be determined at trial;

b) compensatory damages in an amount to be determined at trial;

c) punitive damages in an amount to be determined at trial;

d) liquidated damages, pursuant to 29 U.S.C. § 206(b), as well as state law;

e) reasonable attorney fees;

f) costs and disbursements; and

g)  such other and further legal and equitable relief as the court deems just and proper.

DATED:  New York, NY
July 5, 2005

/s/

_____
Chinyere Okoronkwo, Esq. (CO3339)
Attorney for Plaintiff
Law Office
40 East 94th Street, Suite 2K
New York, NY 10128
(212)987-6621