UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MANSOOR NAJEE-ULLAH,

                                Plaintiff,

        -against-                            05 Civ. 6202 (GBD)(THK)

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                Defendant.

------------------------------------------------------------------------ x

## DEFENDANTS' STATEMENT PURSUANT TO RULE 56.1(B)

        Defendant, the New York City Department of Education ("DOE"), by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, respectfully responds to plaintiff's Rule 56.1 of Undisputed Facts as follows:

        1.      Defendant denies paragraph "1" of plaintiff's Rule 56.1 Statement, except admit that, as determined by the New York State Supreme Court, plaintiff was a provisional, non-tenured employee, which means he was not an appointed employee, who was formerly employed by the Board of Education of the City School District of the City of New York ("DOE") in the position of Regional Arts Supervisor in Region 10 beginning in July, 2003. See Exhibit "B" at 15-16 (Najee-ullah Deposition Tr.); Exhibit "D" at 102-04 (Rivera Deposition Tr.); Exhibit "H" (June 7, 2006 Order and Judgment of the Court).

        2.      Defendant denies paragraph "2" of plaintiff's Rule 56.1 Statement, except admit that, as determined by the New York State Supreme Court, plaintiff was a provisional, non-tenured employee, which means he was not an appointed employee, who was formerly employed by the Board of Education of the City School District of the City of New York ("DOE") as a non-tenured, provisional employee of the DOE in the position of Regional Arts

Supervisor in Region 10 beginning in July, 2003. See Exhibit "B" at 15-16 (Najee-ullah Deposition Tr.); Exhibit "D" at 102-04 (Rivera Deposition Tr.); Exhibit "H" (June 7, 2006 Order and Judgment of the Court).

3. Defendants deny paragraph "3" of plaintiff's Rule 56.1 Statement as it mischaracterizes Ms. Rivera's deposition testimony, in that Ms. Rivera also testified that despite being terminated effective January 21, 2005, plaintiff continued to report for work until May 16, 2005, at which time the DOE discovered that plaintiff should not have been reporting to work due to his termination. See Exhibit "D" at 69, 75-76 (Rivera Deposition Tr.). Plaintiff concedes that in January 2005, he received the termination letter from the DOE dated January 13, 2005. See Exhibit "B" at 42 (Najee-ullah Deposition Tr.); Exhibit "G" at ¶ 3 (Verified Petition, Index No. 107022/05); Exhibit "D" at 74 (Rivera Deposition Tr.).

4. Defendants deny paragraph "4" of plaintiff's Rule 56.1 Statement as it mischaracterizes the record. Ms. Rivera testified that despite being terminated effective January 21, 2005, plaintiff continued to report for work until May 16, 2005, at which time the DOE discovered that plaintiff should not have been reporting to work due to his termination. See Exhibit "D" at 69, 75-76 (Rivera Deposition Tr.). Plaintiff also concedes that in January 2005, he received the termination letter from the DOE dated January 13, 2005. See Exhibit "B" at 42 (Najee-ullah Deposition Tr.); Exhibit "G" at ¶ 3 (Verified Petition, Index No. 107022/05); Exhibit "D" at 74 (Rivera Deposition Tr.); Exhibit "H."

5. Defendants deny paragraph "5" of plaintiff's Rule 56.1 Statement as it mischaracterizes the record. Ms. Rivera testified that despite being terminated effective January 21, 2005, plaintiff continued to report for work until May 16, 2005, at which time the DOE discovered that plaintiff should not have been reporting to work due to his termination. See

Exhibit "D" at 69, 75-76 (Rivera Deposition Tr.). Plaintiff also concedes that in January 2005, he received the termination letter from the DOE dated January 13, 2005. See Exhibit "B" at 42 (Najee-ullah Deposition Tr.); Exhibit "G" at ¶ 3 (Verified Petition, Index No. 107022/05); Exhibit "D" at 74 (Rivera Deposition Tr.); Exhibit "H."

      6. Defendants deny paragraph "6" of plaintiff's Rule 56.1 Statement as it mischaracterizes the record. Ms. Rivera testified that despite being terminated effective January 21, 2005, plaintiff continued to report for work until May 16, 2005, at which time the DOE discovered that plaintiff should not have been reporting to work due to his termination. See Exhibit "D" at 69, 75-76 (Rivera Deposition Tr.). Plaintiff also concedes that in January 2005, he received the termination letter from the DOE dated January 13, 2005. See Exhibit "B" at 42 (Najee-ullah Deposition Tr.); Exhibit "G" at ¶ 3 (Verified Petition, Index No. 107022/05); Exhibit "D" at 74 (Rivera Deposition Tr.); Exhibit "H."

      7. Defendant denies paragraph "7" of plaintiff's Rule 56.1 Statement, except admit that, as determined by the New York State Supreme Court, plaintiff was a provisional, non-tenured employee, which means he was not an appointed employee, who was formerly employed by the DOE as in the position of Regional Arts Supervisor in Region 10 from July, 2003 until his termination which was effective January 21, 2005, but despite this termination plaintiff continued to report for work until May 16, 2005. See See Exhibit "B" at 15-16, 42 (Najee-ullah Deposition Tr.); Exhibit "D" at 69, 74-76, 102-04 (Rivera Deposition Tr.); Exhibit "G" at ¶ 3 (Verified Petition, Index No. 107022/05); Exhibit "H" (June 7, 2006 Order and Judgment of the Court).

      8. Defendants deny paragraph "8" of plaintiff's Rule 56.1 Statement as it mischaracterizes the record and Ms. Rivera's testimony in that she testified that upon being

informed that an employee was separated from the DOE she was responsible to confirm whether the individual is still reporting or not, there is no testimony suggesting that Ms Rivera had any responsibility to ascertain if an employee was separated and defendant further states that this assertion is not material to either plaintiff or defendant's motions. See Exhibit "D" at 69-70, 75-76 (Rivera Deposition Tr.); Exhibit "B" at 42 (Najee-ullah Deposition Tr.); Exhibit "G" at ¶ 3 (Verified Petition, Index No. 107022/05); Exhibit "D" at 74 (Rivera Deposition Tr.); Exhibit "H."

        9. Defendants deny paragraph "9" of plaintiff's Rule 56.1 Statement as this assertion is not material to either plaintiff or defendant's motions, and it mischaracterizes the record and Ms. Rivera's testimony in that Ms. Rivera testified concerning her managerial duties that she "supervise[s] staff to assist and facilitate the staffing of all out schools in regions nine and ten. Staffing with pedagogues, support staff such as school aides, family workers, also what we call H-Bank title, civil service titles. In addition, I'm enforcing regulations and policies that go according to the Chancellor's regulations or the different contractual collective bargaining agreements that we deal with, such as UFT, CSA, DC 37." Exhibit 9 of plaintiff's motion, at 10.

        10. Defendants deny paragraph "10" of plaintiff's Rule 56.1 Statement as it mischaracterizes the record and Ms. Rivera's testimony in that Ms. Rivera testified that " . . . Lawrence Becker is one of my supervisors, but he was not my direct supervisor," see, Exhibit 9 of plaintiff's motion, at 9, defendant further states that assertions of paragraph "10" of plaintiff's Rule 56.1 Statement are not material for either plaintiff or defendant's motions.

        11. Defendants deny paragraph "11" of plaintiff's Rule 56.1 Statement as it mischaracterizes the record which reflects that plaintiff was sent and received, in January 2005 a letter informing his of his termination. See Exhibit "D" at 69, 73-76 (Rivera Deposition Tr.);

Exhibit "B" at 42 (Najee-ullah Deposition Tr.); Exhibit "G" at ¶ 3 (Verified Petition, Index No. 107022/05).

12. Defendants deny paragraph "12" of plaintiff's Rule 56.1 Statement as it is not a material fact for either plaintiff or defendant's motions. Moreover, the record demonstrates that plaintiff's services as Regional Arts Supervisor for the DOE were terminated for cause effective January 20, 2005, for violating the Chancellor's Internet Acceptable Usage Policy. See Exhibit "F" (January 13, 2005 Termination Letter); Exhibit "D" at 102 (Rivera Deposition Tr.); Exhibit "H."

13. Defendants admit paragraph "13" of plaintiff's Rule 56.1 Statement; however, this assertion not a material fact for either plaintiff or defendant's motions.

14. Defendants deny paragraph "14" of plaintiff's Rule 56.1 Statement. Ms. Rivera testified that despite being terminated effective January 21, 2005, plaintiff continued to report for work until May 16, 2005, at which time the DOE discovered that plaintiff should not have been reporting to work due to his termination. See Exhibit "D" at 69, 75-76 (Rivera Deposition Tr.). Plaintiff also concedes that in January 2005, he received the termination letter from the DOE dated January 13, 2005. See Exhibit "B" at 42 (Najee-ullah Deposition Tr.); Exhibit "G" at ¶ 3 (Verified Petition, Index No. 107022/05); Exhibit "D" at 74 (Rivera Deposition Tr.); Exhibit "H."

15. Defendant denies paragraph "15" of plaintiff's Rule 56.1 Statement as it mischaracterizes the record and Ms. Rivera's testimony. Ms. Rivera testified that that management does not have the authority to rescind or reverse a discipline decision. See Exhibit "D" at 100-01.

16.     Defendants deny paragraph "16" of plaintiff's Rule 56.1 Statement as the record demonstrates that the Department of Labor issued an initial determination disqualifying plaintiff from receiving benefits on the basis that plaintiff lost employment through misconduct and thereafter plaintiff requested a hearing but defendants failed to appear and therefore plaintiff received unemployment benefits.[1]  See Exhibit "L."

17.     Defendant states that the assertion in paragraph "17" of plaintiff's Rule 56.1 Statement is not material to either plaintiff or defendant's motions, and admit that plaintiff was an educational administrator and pedagogue and that as determined by the New York State Supreme Court, plaintiff was a provisional, non-tenured employee, which means he was not an appointed employee, who was formerly employed by the Board of Education of the City School District of the City of New York ("DOE") in the position of Regional Arts Supervisor in Region 10 beginning in July, 2003.  See Exhibit "B" at 15-16 (Najee-ullah Deposition Tr.); Exhibit "D" at 102-04 (Rivera Deposition Tr.); Exhibit "H" (June 7, 2006 Order and Judgment of the Court).

18.     Defendant denies paragraph "18" of plaintiff's Rule 56.1 Statement and respectfully refers the Court to Exhibit "M," annexed hereto, Bates stamped A00488-A00524, which is a complete copy of the collective bargaining agreement between the Board of Education and the CSA, and which applies to supervisors within the Board of Education.  See Exhibit "M." Plaintiff's citations to Exhibits 5 and 14 are inaccurate as these are not copies of the collective

---

[1] Defendants note that unemployment decisions are not admissible. Both statutory and common law establish that testimony given at an unemployment insurance hearing, and the findings of fact and conclusions of law contained in an unemployment insurance hearing decision are not admissible in a subsequent court proceeding. See Labor Law § 623(2) ("No finding of fact or law contained in a decision rendered pursuant to [the Unemployment Insurance Law] by a referee, the appeal board or a court shall preclude the litigation of any issue of fact or law in any subsequent action or proceeding," with certain exceptions not applicable in this case); Beacham v. Brown, 215 A.D.2d 334, 335, 627 N.Y.S.2d 358, 359 (1st Dep't 1995)(in Article 78 proceeding challenging termination of probationary police officer, finding Supreme Court erred in considering testimony from petitioner's unemployment insurance administrative hearing; "the proceedings before the Department of Labor were irrelevant to the proceedings before the Supreme Court"); Rivoli v. Stern, 160 A.D.2d 601, 554 N.Y.S.2d 244, 245 (1st Dep't 1990)(the findings by the Unemployment Insurance Appeals Board are not dispositive of the issues of bad faith raised in a challenge to a probationary termination)

bargaining agreement. Plaintiff's citation to 4 is not a complete copy of the collective bargaining agreement. Defendant further states that this assertion is not a material fact for either plaintiff or defendant's motions.

19.     Defendant admits paragraph "19" of plaintiff's Rule 56.1 Statement and states that this assertion is not a material fact in dispute. See Exhibit "M."

20.     Defendant denies paragraph "20" of plaintiff's Rule 56.1 Statement as there is no document, Bates stamped A00496 attached to plaintiff's Exhibit 4. Notwithstanding, defendant refers the Court to Exhibit "N," at the pages cited by plaintiff and notes that there is no indication that vacation time is a welfare benefit; thus, plaintiff is mischaracterizing the record. Defendant further states this assertion is not material for either plaintiff or defendant's motions.

21.     Defendant denies paragraph "21" of plaintiff's Rule 56.1 Statement as it is an incomplete quotation and respectfully refers the Court to Exhibit "N," at Bates stamp no. A00498 for a complete and accurate statement of its contents.

22.     Defendant denies paragraph "22" of plaintiff's Rule 56.1 Statement as it is an incomplete quotation and respectfully refers the Court to Exhibit "N," at Bates stamp no. A00497 for a complete and accurate statement of its contents.

23.     Defendant denies paragraph "23" of plaintiff's Rule 56.1 Statement as it is an incomplete quotation and respectfully refers the Court to Exhibit 6 of plaintiff's motion for a complete and accurate statement of its contents, and defendant further asserts that the assertion in paragraph "23" of plaintiff's Rule 56.1 Statement is not material for purposes of either plaintiff or defendant's motions.

24.     Defendant denies paragraph "24" of plaintiff's Rule 56.1 Statement as it is an incomplete quotation and respectfully refers the Court to Exhibit 6 of plaintiff's motion for a

complete and accurate statement of its contents, and defendant further asserts that the assertion in paragraph "24" of plaintiff's Rule 56.1 Statement is not material for purposes of either plaintiff or defendant's motions.

25. Defendant denies paragraph "25" of plaintiff's Rule 56.1 Statement as it is an incomplete quotation and respectfully refers the Court to Exhibit 6 of plaintiff's motion for a complete and accurate statement of its contents, and defendant further asserts that the assertion in paragraph "25" of plaintiff's Rule 56.1 Statement is not material for purposes of either plaintiff or defendant's motions.

26. Defendant denies paragraph "26" of plaintiff's Rule 56.1 Statement as it is an incomplete quotation and respectfully refers the Court to Exhibit 6 of plaintiff's motion for a complete and accurate statement of its contents, and defendant further asserts that the assertion in paragraph "26" of plaintiff's Rule 56.1 Statement is not material for purposes of either plaintiff or defendant's motions.

27. Defendant denies paragraph "27" of plaintiff's Rule 56.1 Statement as it mischaracterizes the record and Ms. Rivera's testimony. Ms. Rivera testified that " . . . in terms of time-keeping, *and I'm not absolutely sure, and this is something I can confirm,* for education administrators as well as local instructional superintendents, unlike teachers and other pedagogues, their time is not maintained in the system," Exhibit "D" at 15 (emphasis added), and defendant further asserts that the assertion in paragraph "27" of plaintiff's Rule 56.1 Statement is not material for purposes of either plaintiff or defendant's motions.

28. Defendant admits paragraph "28" of plaintiff's Rule 56.1 Statement; however, this assertion is not material for purposes of either plaintiff or defendant's motions.

29.     Defendant denies paragraph "29" of plaintiff's Rule 56.1 Statement as it mischaracterizes the record and Ms. Rivera's testimony in that Ms. Rivera testified that she could not ensure the accuracy or not of plaintiff's rate of accrual of annual leave. See Exhibit 10 of plaintiff's motion, at 46. Defendant also objects to plaintiff's use of Exhibit 3 as this Exhibit is not document produced by defendant in the course of but was allegedly obtained by plaintiff independently but which has not been authenticated as an accurate business record of defendant, and defendant further asserts that the assertion in paragraph "29" of plaintiff's Rule 56.1 Statement is not material for purposes of either plaintiff or defendant's motions..

30.     Defendant denies paragraph "30" of plaintiff's Rule 56.1 Statement as it mischaracterized the record, and defendant further asserts that the assertion in paragraph "30" of plaintiff's Rule 56.1 Statement is not material for purposes of either plaintiff or defendant's motions.[2] See Exhibits 12 and 13 of plaintiff's motion.

31.     Defendant denies paragraph "31" of plaintiff's Rule 56.1 Statement as it mischaracterizes the record in that Exhibit 7 refers to lump sum payouts for employees "upon resignation, retirement, or other cessation of service," and does not state that a terminated for cause employee is entitled to this lump sum payment, and defendant further asserts that the assertion in paragraph "31" of plaintiff's Rule 56.1 Statement is not material for purposes of either plaintiff or defendant's motions..

32.     Defendant denies paragraph "32" of plaintiff's Rule 56.1 Statement as it mischaracterizes the record and Ms. Rivera's testimony in that she testified that upon being informed that an employee was separated from the DOE she was responsible to confirm whether

---

[2] Exhibit 12 is letter from Lawrence Becker to a DOE timekeeper annexing one time record of plaintiff's for the month of April, and Exhibit 13 are copies of plaintiff's time records for the months of February, March, April and May. Exhibit 12 refers to one time report for the time period of April, 2005, and does not mention plaintiff's time records for March or May. The record does not establish that the materials in Exhibit 13 are the same materials references in Exhibit 12 or whether the all the materials in Exhibit 13 were sent to the time keeper.

- 9 -

the individual is still reporting or not, there is no testimony suggesting that Ms Rivera had any responsibility to ascertain if an employee was separated and defendant further states that this assertion is not material to either plaintiff or defendant's motions. See Exhibit "D" at 69-70, 75-76 (Rivera Deposition Tr.); Exhibit "B" at 42 (Najee-ullah Deposition Tr.); Exhibit "G" at ¶ 3 (Verified Petition, Index No. 107022/05); Exhibit "D" at 74 (Rivera Deposition Tr.); Exhibit "H.

33. Defendant denies paragraph "33" of plaintiff's Rule 56.1 Statement as this to the extent plaintiff may be attempting to mischaracterizes the record as suggesting that the "final entitlement form" must be filed out immediately and defendant further asserts that the assertion in paragraph "33" of plaintiff's Rule 56.1 Statement is not material for purposes of either plaintiff or defendant's motions

34. Defendant admits the statement in paragraph "34" of plaintiff's Rule 56.1 Statement but asserts it is not material for purposes of either plaintiff or defendant's motions.

35. Defendant denies paragraph "35" of plaintiff's Rule 56.1 Statement and states that Ms. Rencher is listed as being on "unauthorized leave" and there is no indication that she received a lump sum payment.

36. Defendant denies paragraph "36" of plaintiff's Rule 56.1 Statement and refers the Court to Exhibit "P," which indicates that a settlement has been reached between plaintiff's union and the DOE concerning plaintiff's final entitlement.

37. Defendant asserts that paragraph "37" of plaintiff's Rule 56.1 Statement as this assertion is not material for purposes of either plaintiff or defendant's motions. Defendant also objects to plaintiff's reliance on Exhibit 3 as this document was allegedly obtained by plaintiff from defendant, but has not been authenticated as an accurate business record of

defendant, and refers the Court to Exhibit "P," which indicates that a settlement has been reached between plaintiff's union and the DOE concerning plaintiff's final entitlement.

38. Defendant denies the assertions that paragraph "38" of plaintiff's Rule 56.1 Statement and refer the Court to Exhibit P and defendant also objects to plaintiff's use of Exhibit 3 as this Exhibit is not document produced by defendant in the course of but was allegedly obtained by plaintiff independently but which has not been authenticated as an accurate business record of defendant, and refers the Court to Exhibit "P," which indicates that a settlement has been reached between plaintiff's union and the DOE concerning plaintiff's final entitlement.

39. Defendant denies paragraph "39" of plaintiff's Rule 56.1 Statement and respectfully refers the Court to Exhibit "N," for a complete and accurate statement of its contents, and defendant further asserts that the assertion in paragraph "39" of plaintiff's Rule 56.1 Statement is not material for purposes of either plaintiff or defendant's motions.

40. Defendant denies paragraph "40" of plaintiff's Rule 56.1 Statement and respectfully refers the Court to Exhibit "N," for a complete and accurate statement of its contents, and defendant further asserts that the assertion in paragraph "40" of plaintiff's Rule 56.1 Statement is not material for purposes of either plaintiff or defendant's motions, and refers the Court to Exhibit "P," which indicates that a settlement has been reached between plaintiff's union and the DOE concerning plaintiff's final entitlement.

41. Defendant denies paragraph "41" of plaintiff's Rule 56.1 Statement as this assertion is not material for purposes of either plaintiff or defendant's motions. Defendant also objects to plaintiff's reliance on Exhibit 3 as this document was allegedly obtained by plaintiff from defendant, but has not been authenticated as an accurate business record of defendant, and

refers the Court to Exhibit "P," which indicates that a settlement has been reached between plaintiff's union and the DOE concerning plaintiff's final entitlement.

    42. Defendant denies paragraph "42" of plaintiff's Rule 56.1 Statement as this assertion is not material for purposes of either plaintiff or defendant's motions. Defendant also objects to plaintiff's reliance on Exhibit 3 as this document was allegedly obtained by plaintiff from defendant, but has not been authenticated as an accurate business record of defendant, and refers the Court to Exhibit "P," which indicates that a settlement has been reached between plaintiff's union and the DOE concerning plaintiff's final entitlement.

    43. Defendant denies paragraph "43" of plaintiff's Rule 56.1 Statement as this assertion is not material for purposes of either plaintiff or defendant's motions, and mischaracterizes the record and Ms. Rivera's testimony in that Ms. Rivera did not testify that plaintiff was entitled to a lump sum payment, but testified that: "What I indicated is that it's the timekeeper's responsibility, when an employee is separating from – *you know, whether they are retiring, resigning,* to look at what balances are left and to accurately determine and calculate, and then complete the respective and appropriate forms . . . .," Exhibit 10 of plaintiff's motion, at 33 (emphasis added), and further, Exhibit 7 refers to lump sum payouts for employees "upon resignation, retirement, or other cessation of service," and does not state that a terminated for cause employee is entitled to this lump sum payment. Defendant also objects to plaintiff's reliance on Exhibit 3 as this document was allegedly obtained by plaintiff from defendant, but has not been authenticated as an accurate business record of defendant, and refers the Court to Exhibit "P," which indicates that a settlement has been reached between plaintiff's union and the DOE concerning plaintiff's final entitlement.

44. Defendant asserts that paragraph "44" of plaintiff's Rule 56.1 Statement as this assertion is not material for purposes of either plaintiff or defendant's motions.

45. Defendant denies paragraph "45" of plaintiff's Rule 56.1 Statement and refers the Court to Exhibit "P," which indicates that a settlement has been reached between plaintiff's union and the DOE concerning plaintiff's final entitlement.

46. Defendant denies paragraph "46" of plaintiff's Rule 56.1 Statement and refers the Court to Exhibit "P," which indicates that a settlement has been reached between plaintiff's union and the DOE concerning plaintiff's final entitlement.

47. Defendant denies the assertions set forth in paragraph "47" of plaintiff's rule 56.1 Statement as it mischaracterizes the record concerning unemployment benefits in that plaintiff concedes in his deposition that he was approved for, and did actually collect, unemployment benefits beginning in June 2005, collecting the maximum amount of $405 every week, and thus plaintiff did not have to wait six months to receive unemployment benefits because the DOE opposed his application, further the admissible evidence does not support all of these assertion and the cited testimony nothing more than conclusory self serving statements by plaintiff, defendant further asserts that some of these assertion are not material for purposes of either plaintiff or defendant's motions. See Exhibit "B" at 21, 105 (Najee-ullah Deposition Tr.).

48. Defendant denies paragraph "48" of plaintiff's Rule 56.1 Statement as this assertion is not material for purposes of either plaintiff or defendant's motions, and defendant objects to this assertions as a conclusion of law.

49. Defendant admit that plaintiff self describes himself as set forth in paragraph "49" of plaintiff's Rule 56.1 Statement.

50. Defendant admits the assertions in paragraph "50" of plaintiff's Rule 56.1 Statement.

51. Defendant denies the underlying assertions contained in paragraph "51" of plaintiff's Rule 56.1 Statement but admits that plaintiff made such allegations.

52. Defendant denies the assertion in paragraph "52" of plaintiff's Rule 56.1 Statement and refers the Court to Exhibits "O" and "P"

53. Defendant denies the assertion in paragraph "53" of plaintiff's Rule 56.1 Statement and refers the Court to Exhibits "O" and "P".

Dated:   New York, New York
         January 18, 2007

**MICHAEL A. CARDOZO**
Corporation Counsel of the City of New York
Attorney for Defendant
100 Church Street, Room 2-144
New York, New York 10007
(212) 788-0895

By: _____
Rippi Gill (RG 5338)
Assistant Corporation Counsel

| |
|---|
| Civil Action No. 05 Civ. 6202 (GBD)(THK) |
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| MANSOOR NAJEE-ULLAH,<br><br>                                                            Plaintiff,<br><br>                    -against-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>                                                            Defendants. |
| **DEFENDANTS' STATEMENT PURSUANT TO RULE 56.1(B)** |
| ***MICHAEL A. CARDOZO***<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant*<br>*100 Church Street, Room 2-193*<br>*New York, N.Y.  10007*<br><br>*Of Counsel: Rippi Gill*<br>*Tel. No.: (212) 788-0895*<br>*NYCLIS # 05LE000262* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ......................................................, 200......*<br><br>*..................................................................................... Esq.*<br><br>*Attorney for .....................................................................* |